UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD HONE,

          Plaintiff,

    v.

MARY PAT ANGELINI *et al.*,

          Defendant.

Civil Action No. 21-15156 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on the Application to Proceed *In Forma Pauperis* ("IFP Application") filed by Plaintiff Richard Hone ("Plaintiff"). (ECF No. 7.) The Court has carefully considered Plaintiff's submission and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Plaintiff's IFP Application but dismisses Plaintiff's Complaint. (ECF No. 1.)

**I.    BACKGROUND**

    On August 11, 2021, Plaintiff filed this action against Mary Pat Angelini, Molly Holt, Stacey Welch, and Preferred Behavioral Health (collectively "Defendants"). (*See generally* Compl. ECF No. 1.) The Complaint, one of many before this Court, arises out of Plaintiff's custody dispute in New Jersey state court. The Complaint is difficult to parse but alleges that Defendants violated Plaintiff's Ninth and Fourteenth Amendment rights as well as NJSA 9:2-4 by denying him his court-ordered visitation visitation with his daughter. (*Id.* at *3-4.)[1] It appears that

---

[1] Pages marked with an asterisk represent their page numbers as they appear on the ECF filing due to pages filed out of order.

Defendants are involved in facilitating Plaintiff's visitation time with his daughter. (*Id.*) Regardless, Plaintiff alleges that Defendants required Plaintiff to undergo additional psychiatric evaluations to continue parenting time. (*Id.*) According to Plaintiff, Defendants acted "purposely, maliciously, and with the intent to deny" him of his parenting time from his custody case. (Pl.'s Certification ¶ 6, ECF No. 1.)

## II.   LEGAL STANDARD

Plaintiffs may proceed *in forma pauperis* under 28 U.S.C. § 1915(a) by submitting an affidavit that states (1) all their income and assets, (2) whether they are able to pay filing fees, (3) the nature of their actions, and (4) the basis for their redress. *See* 28 U.S.C. § 1915(a)(1). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Likewise, a complaint "is frivolous where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).) In addition, while courts liberally construe *pro se* pleadings, "*pro se* litigants

still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.   DISCUSSION

#### A.   The Court Grants Plaintiff's IFP Application.

Plaintiff's IFP Application satisfies § 1915(a). Plaintiff's IFP Application states that he is disabled and brings in $180 a month in benefits. (IFP Appl. 2,5, ECF No. 7.) The IFP Application also provides that Plaintiff's monthly expenses are $215. (*Id.* at 5.) Further, Plaintiff's IFP Application asserts that Plaintiff cannot pay the filing fee and includes the requisite information such as the nature of the action and reasons why Plaintiff is entitled to redress. (*Id.* at 1; *see generally* Compl.) The Court, therefore, grants Plaintiff's IFP Application.

#### B.   The Court Dismisses the Complaint.

Here, Plaintiff's Complaint does not provide a basis for this Court to exercise subject matter jurisdiction. Plaintiff alleges that Defendants interfered with his ability to exercise his right to visitation time with his daughter. "Although Plaintiff has clothed his complaint in the garb of a civil rights action, the [c]omplaint boils down to a dispute over the custody of his child and the interactions of Plaintiff and Defendants in that custody process." *Foster v. N.J. Div. of Child Prot. & Permanency*, No. 17-13572, 2018 WL 6069632, at *2 (D.N.J. Nov. 20, 2018). "Even when a complaint is drafted in tort, contract, or even under the federal constitution, if the complaint involves matters of domestic relations, it is generally not within the federal court's jurisdiction." *Id.* (internal quotation marks omitted). Here, Plaintiff's Complaint arises out of his child custody hearing. In fact, this case is one of several before this Court in which Plaintiff accuses various parties, including judges, guardians ad litem, and visitation supervisors, of violating his constitutional rights and several state laws. While several of these cases have been dismissed on alternative grounds, it is also axiomatic that federal courts do not have jurisdiction to adjudicate

child custody disputes. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Accordingly, the Court finds that it lacks subject matter jurisdiction over the Complaint.

In addition, the Court declines to exercise jurisdiction in the present action under the *Younger* doctrine of abstention since it appears proceedings are still taking place in state court. *Foster*, 2018 WL 6069632, at *3 ("In general terms, the *Younger* abstention doctrine reflects 'a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982))).

The Court considers it pertinent to reiterate that, "[f]ederal courts do not have jurisdiction over some domestic relations matters." *N.J. Div. of Youth and Family Servs. v. Prown*, 2014 WL 284457, at *2 (D.N.J. Jan. 24, 2014) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992)). While child custody disputes are often contentious, the proper venue continues to be state courts.

## IV.     CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's IFP Application but dismisses Plaintiff's Complaint with prejudice because disputes arising out of child custody actions are not properly before federal courts. The Court will issue an appropriate order accompanying this Memorandum Opinion.

/s/ Michael A. Shipp<br>
MICHAEL A. SHIPP<br>
UNITED STATES DISTRICT JUDGE